### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

SOUTHERN AGGREGATE   :
DISTRIBUTORS, INC.,
                     :
    Plaintiff,
vs.                  :   CA 05-00178-C

DOWNEN AGGREGATE     :
GROUP, LLC,
                     :
    Defendant.

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Downen Aggregate Group, LLC's (hereinafter, "Downen") motion to dismiss Count One of the complaint for improper venue (Doc. 4), plaintiff's response in opposition to the motion to dismiss (Doc. 5), Downen's reply in support of the motion to dismiss (Doc. 12), plaintiff's rebuttal to defendant's reply (Doc. 14), and the parties' oral arguments on June 1, 2005. The parties' have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings, including disposition of this motion. (Doc. 15 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final

judgment, and conduct all post-judgment proceedings."); *see also* Doc. 16 (order of reference)) Upon consideration of the contents of the briefs and the arguments of counsel, the Court **DENIES** Downen's Rule 12(b)(3) motion to dismiss Count One of the complaint.

## DISCUSSION

Southern Aggregate Distributors, Inc. (hereinafter "Southern") filed a two-count complaint against Downen in the Circuit Court of Mobile County, Alabama on February 14, 2005; the first count alleges a violation of Alabama's Sales Commission Act, Ala.Code § 8-24-1, and the second count alleges promissory fraud. (Doc. 1, Exhibit 1, COMPLAINT) Downen removed the case to this Court on March 22, 2005 based on diversity of citizenship. (Doc. 1) In the removal petition, Downen specifically avers that venue is proper in this Court under 28 U.S.C. §§ 81(c) and 1441(a) inasmuch as "[t]he United States District Court for the Southern District of Alabama, Southern Division, is the federal judicial district and the division embracing the Circuit Court of Mobile County where the suit was originally filed." (*Id*., at ¶ 3)

On April 7, 2005, Downen filed a Rule 12(b)(3) motion to dismiss Count One of the complaint for improper venue based upon the forum selection clause

at Section 12 of the Independent Contractor Agreement. (Doc. 4)[1]

Normally, the propriety of venue is governed by 28 U.S.C. § 1391, the general venue statute; however, "[v]enue in removed cases is governed solely by § 1441(a)." *Kerobo v. Southwestern Clean Fuels, Corp.,* 285 F.3d 531, 534 (6th Cir. 2002); *Quick v. Coale, Cooley, Lietz, McInerny & Broadus, P.C.*, 212 F.R.D. 299, 301 (M.D.N.C. 2002) ("[V]enue of removed actions is determined by section 1441(a)[.]"). Section 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." 28 U.S.C. § 1441(a) (emphasis supplied). In removing this action to this Court, Downen, as aforesaid, specifically relied upon § 1441(a) as establishing proper venue. Thus, "§ 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district." *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001); *see also id.* at 1300 ("[A]s a matter of law, § 1441(a) establishes federal venue in the

---

[1] This section provides as follows: "Any dispute or disagreement as to any alleged breach of this agreement shall be tried solely in the Circuit Court of the Second Judicial Circuit, Gallatin County, Illinois." (Doc. 4, Exhibit A, § 12)

district where the state action was pending[.]").

While *Hollis* would appear to dictate a conclusion by this Court that venue of this action is proper in this district and unassailable, that is not the case inasmuch as the Eleventh Circuit, in its final footnote, specifically did not address the question before this Court, namely, whether "a district court can dismiss an action that has been properly removed on diversity grounds if the parties' contract contains a valid forum selection clause requiring litigation to be instituted in a particular state court." *Id*. at 1330 n.5 (citations omitted).[2] While the Eleventh Circuit has not specifically addressed this issue, the Sixth Circuit in *Kerobo, supra*, has indicated that district courts are not authorized to dismiss an action removed on diversity grounds from state court under Rule 12(b)(3) for improper venue on the basis of a contract forum selection clause because, by virtue of § 1441(a), venue is not improper; that is, whether a forum selection clause in a contract should be enforced is a matter of contract, not one of venue which may be attacked under Rule 12(b)(3). 285 F.3d at 534-536; *see also Tumbleweed, Inc. v. American Federal, Inc.,* 2003 WL 1145471, *1

---

[2] The undersigned recognizes that this is not an entirely correct statement of the precise issue before this Court inasmuch as the real issue here is whether this Court can dismiss not the entire action but simply one count of the action that has been properly removed on diversity grounds if the parties' contract contains a valid forum selection clause requiring litigation of disputes involving the contract to be instituted in a particular state court.

4

(W.D.Ky. 2003) (same). Moreover, relying on language from *Kerobo* and *Hollis*, the United States District Court for the District of Maryland in *Three M Enterprises, Inc. v. Texas D.A.R. Enterprises, Inc*., 2005 WL 1072708 (May 5, 2005) recently denied several defendants' 12(b)(3) motion to dismiss for improper venue on the basis of a forum selection clause and found that because the defendants had removed the action from state court to federal court, the federal removal statute, 28 U.S.C. § 1441(a), properly fixed federal venue in the United States District Court for the District of Maryland. *Id*. at *4-5; *see also Tumbleweed, supra*, 2003 WL 1145471, *1 (denying 12(b)(3) motion to dismiss for improper venue based on a forum selection clause and finding venue proper by virtue of § 1441(a)); *see Viron International Corp. v. David Boland, Inc*., 2002 WL 31990366, *8 & 9 (W.D. Mich. 2002) ("[I]f venue is proper under either 28 U.S.C. § 1391 or 28 U.S.C. § 1441, it does not become improper simply because there is a forum selection clause. This result makes even more sense where it is the defendant, as the removing party, who chooses the venue."); *but cf. Marengo Films, Inc. v. Koch International, LLC*, 2003 WL 21435728, *4 (N.D.Tex. 2003) ("After thorough consideration and review, the Court finds that Defendant Koch-USA may object to venue after removal on the grounds of the forum selection clause found in the Distribution Agreement between Koch-USA and Marengo."); *Soil Shield International, Inc. v. Lilly*

5

*Industries, Inc.*, 1998 WL 283580, *2 (N.D.Cal. 1998) ("'Despite removal, defendant may seek dismissal where a forum selection clause renders venue improper in the forum state.'").

In considering the foregoing case law in light of the facts of this case, the undersigned finds venue in the Southern District of Alabama proper in this instance with respect to all counts of the complaint. In reaching this conclusion, the Court does not mean to intimate that it believes the Eleventh Circuit has set the stage to follow *Kerobo* and *Three M, supra*, and find that a defendant cannot object to venue following removal on the basis of a forum selection clause in a contract; rather, it seems clear to the Court that the appellate court arguably has set the stage to find the exact contrary, *compare Hollis, supra*, 259 F.3d at 1330 n.5 ("We [] have no reason to discuss the First Circuit's conclusion . . . that a district court can dismiss an action that has been properly removed on diversity grounds if the parties' contract contains a valid forum selection clause requiring litigation to be instituted in a particular state court.") *with Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998) ("[W]e hold that motions to dismiss upon the basis of choice-of-forum and choice-of-law clauses are properly brought pursuant to Fed.R.Civ.P. 12(b)(3) as motions to dismiss for improper venue."), *cert. denied*, 525 U.S. 1093, 119 S.Ct. 851, 142 L.Ed.2d 704 (1999). Instead, the undersigned finds that where,

as here, venue is decidedly and admittedly proper in federal district court with respect to one portion of a cause of action, the Eleventh Circuit would determine either that § 1441(a) fixes venue over the entire case when it is removed to federal court or that it is the proper exercise of a district court's discretion to exercise "pendent venue" over the remaining portion of the case, *see* 17-110 Moore's Federal Practice § 110.05 (3rd ed. 2004) ("As an additional or alternative rationale for allowing venue over joined causes of actions, courts have relied on a theory of 'pendent' venue analogous to the pendent jurisdiction doctrine[.]"); *Beckley v. Auto Profit Masters, L.L.C.*, 266 F.Supp.2d 1001, 1005 n.2 (S.D. Iowa 2003) (failing to reach the issue, but indicating that even if venue is improper regarding a contract claim because of a forum selection clause, a court should consider whether it should exercise pendent venue over that claim in light of clear venue over other claims set forth in the complaint).

## CONCLUSION

In consideration of the foregoing, the Court **DENIES** Downen's Rule 12(b)(3) motion to dismiss Count One of the Complaint for improper venue (Doc. 4).

**DONE** this the 6th day of June, 2005.

 s/WILLIAM E. CASSADY

**UNITED STATES MAGISTRATE JUDGE**